UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GILMAN,

    Plaintiff,                                        Hon. Janet T. Neff

v.                                                         Case No. 1:14 CV 301

INTERNAL REVENUE SERVICE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on March 24, 2014, against the Internal Revenue Service. (Dkt. #1). While Plaintiff's complaint is largely unintelligible, it is clear that the gravamen of this action is Plaintiff's belief that because income taxes are illegal, the determination by the Internal Revenue Service (IRS) that he is responsible for unpaid taxes is without merit. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that this matter be **dismissed for failure to prosecute and failure to comply with the Court's Orders**.

## BACKGROUND

Plaintiff initiated this action on March 24, 2014. (Dkt. #1). On August 18, 2014, Defendant filed a motion to dismiss Plaintiff's complaint on various grounds. (Dkt. #9). Plaintiff failed to respond to Defendant's motion. On October 23, 2014, the Court issued to Plaintiff an Order to Show Cause directing him to "show cause by November 3, 2014, why Defendant's Motion to Dismiss (Dkt. #9) should not be granted." (Dkt. #12). Plaintiff was warned that "failure to file a timely response will result in a recommendation that the action be dismissed for failure to prosecute." (Dkt. #12). Plaintiff

failed to timely respond to the Court's Order to Show Cause.  On December 1, 2014, Plaintiff did, however, submit a pleading entitled "Correction of Fraudulent Claim."  (Dkt. #13).  This pleading is neither responsive to nor references the Court's Order to Show Cause.  Plaintiff has subsequently failed to comply with the Court's Order to Show Cause or otherwise participate in this matter.

## **ANALYSIS**

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).  This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.  Failure by a plaintiff "to prosecute or to comply with these rules or a court order" constitutes grounds to dismiss the complaint, or any particular claims therein.  *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal under Rule 41(b) is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered.  *See Schreiber v. Moe*, 320 Fed. Appx. 312, 317-18 (6th Cir., Nov. 5, 2008) (quoting *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999)).

Consideration of these factors all weigh in favor of dismissal.  The Court finds, based on the frivolousness and tone of Plaintiff's pleadings, that Plaintiff's failure to prosecute this matter is due to willfulness and bad faith.  Defendant is certainly prejudiced by Plaintiff's failure to comply with this

Court's Orders and to instead file unintelligible pleadings asserting meritless claims and arguments. Finally, Plaintiff was expressly warned that failure to comply with the Court's Order to Show Cause would result in a recommendation that this matter be dismissed.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's claims be **dismissed with prejudice for failure to prosecute and failure to comply with the Court's Orders**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 24, 2015

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge