UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT CHARLES GILMAN,

    Plaintiff,                                        Case No. 1:14-cv-301

v                                                    HON. JANET T. NEFF

INTERNAL REVENUE SERVICE,

    Defendant.
_____/

**OPINION AND ORDER**

Plaintiff, proceeding *pro se*, initiated this action against the "Internal Revenue Service, Ogden, Utah" on March 24, 2014 (Dkt 1). On March 28, 2014, pursuant to 28 U.S.C. § 636 and W.D. Mich. LCivR 72, this Court referred the matter to the Magistrate Judge "for handling of all matters under § 636(a) and § 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B)" (Dkt 2). Defendant subsequently filed a Motion to Dismiss (Dkt 9). The Magistrate Judge ordered Plaintiff to show cause why Defendant's Motion to Dismiss should not be granted (Dkt 12), and Plaintiff responded with a "Correction of Fraudulent Claim" (Dkt 13). The Magistrate Judge issued a Report and Recommendation (R&R, Dkt 14), recommending that this Court dismiss Plaintiff's Complaint for failure to prosecute and failure to comply with the Court's Orders. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 15), to which Defendant filed a response (Dkt 16). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of

those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

First, Plaintiff seems to argue that the Magistrate Judge's participation in this matter is improper because he did not consent to her handling of his case. Specifically, Plaintiff states, "Claimant has no documentation that informs Claimant of Claimants' Right to consent nor inform Claimant is 'free to withhold consent without adverse substantive consequences'" (Objs., Dkt 15 at 4) (internal citations omitted).

28 U.S.C. § 636 sets forth the jurisdiction and powers of United States magistrate judges. *Roland v. Johnson*, 856 F.2d 764, 768-69 (6th Cir. 1988). Section 636(c)(1), which provides that "upon the consent of the parties, a ... United States magistrate judge may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case," is inapplicable to Plaintiff's case. Rather, the Court's referral in this case was made pursuant to § 636(b)(1)(A) and (B), which authorizes the magistrate judge to rule on non-dispositive pretrial motions and make recommendations on dispositive motions. Hence, in this case, the Magistrate Judge only *recommended* dismissal; she did not, in fact, enter a judgment to dismiss the case. Consent from the parties is not required for a Court to refer a matter to a magistrate judge under § 636(b)(1), and Plaintiff's argument lacks merit for this reason.

Second, Plaintiff states that "another flaw Claimant will point out at this time is the lack of an original signature at the close of the document . . . ." (Objs. Dkt 15 at 4). Plaintiff presumably refers to the Report and Recommendation, which the Magistrate Judge signed with an electronic signature. However, under the applicable Local Rule, "[t]he electronic filing of an opinion, order, judgment or other document by a judge (or authorized member of the judge's staff) by use of the

judge's login and password shall be deemed the filing of a signed original document for all purposes." W.D.Mich.LCivR 5.7(e)(iv). Therefore, Plaintiff's argument is without merit.

In his last substantive objection, Plaintiff objects to dismissal of his claim on failure to prosecute grounds where, according to Plaintiff, he was late in filing a response because "the U.S. Attorney has not provide[d] Claimant with any documentation to validate the assignment of this action to the U.S. Attorney…" (Objs., Dkt 15 at 5). Plaintiff reasons that the U.S. Attorney must provide such documents because "Congress . . . appoints this counsel to represent the IRS" (*id.*).

As Defendant indicates (Df.'s Resp., Dkt 16 at 1), Plaintiff incorrectly named Defendant in this lawsuit as the "Internal Revenue Service, Ogden, Utah," when, in fact, Plaintiff is suing the United States of America. Per federal law, the United States attorneys are responsible for the prosecution and defense of civil cases in which the United States is a party. *See* 28 U.S.C. § 547. Plaintiff's objection therefore identifies no error that would support rejecting the Report and Recommendation.

In the remainder of his document, Plaintiff merely restates the allegations contained in his Complaint, expresses his disagreement with the result reached by the Magistrate Judge, and presents an unfounded request to enter a default judgment against Defendant. These "objections" are unresponsive to the Magistrate Judge's Report and Recommendation and will not be considered by the Court. *See* W.D. Mich. LCivR 72.3(b) (requiring an objecting party to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections").

Rather, for the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 15) are DENIED, and the Report and Recommendation (Dkt 14) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that this matter is DISMISSED with prejudice for failure to prosecute and failure to comply with the Court's Orders.


Dated: March 25, 2015                               /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge